UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROBERT G. HAWK,

                 Plaintiff,

    v.

PIERCE COUNTY, *et al*.,

                 Defendants.

Case No. C26-5499-JHC-SKV

ORDER CONDITIONALLY GRANTING
APPLICATION TO PROCEED *IN FORMA
PAUPERIS*

This is a civil rights action proceeding under 42 U.S.C. § 1983.  Plaintiff Robert Hawk is currently confined at the Pierce County Jail ("the Jail") in Tacoma, Washington.  On May 14, 2026, Plaintiff submitted to this Court for filing a proposed prisoner civil rights complaint and a request to proceed with this action *in forma pauperis* ("IFP").  *See* Dkt. 1.  However, Plaintiff failed to submit his request for IFP status on the proper form and he failed to submit a copy of his prison trust account statement as required by 28 U.S.C. § 1915(a)(2).  The Clerk therefore sent Plaintiff a letter advising him that his submission was deficient and that he would need to correct the deficiencies not later than June 15, 2026, or face dismissal of this action.  Dkt. 2.

On May 28, 2026, the Court received from Plaintiff an IFP application on the proper form (Dkt. 3), together with a letter explaining that he has sent multiple kites to the Jail's inmate

ORDER CONDITIONALLY GRANTING APPLICATION
TO PROCEED *IN FORMA PAUPERIS* - 1

accounting office and inmate commissary and has apparently been advised that they do not provide a certified six month account statement (Dkt. 3-1). Plaintiff requests the Court's help in resolving the issue with his trust account statement so that he can move forward with his case. *Id.* It is not unusual for Pierce County Jail inmates to report difficulties in obtaining prison trust account statements from Jail officials, resulting in delays in the processing their cases. Given the difficulty Plaintiff here has experienced in obtaining a trust account statement from Jail officials, the Court deems it appropriate to conditionally grant Plaintiff's application to proceed IFP to allow this case to move forward.

Based on the foregoing, the Court, hereby ORDERS as follows:

(1)    Plaintiff's application to proceed IFP (Dkt. 3) is conditionally GRANTED as Plaintiff's materials indicate that he is unable to afford the Court's filing fee or give security therefore. *See* Dkts. 3, 3-1. As set forth below, an initial partial filing fee will be collected, and Plaintiff is thereafter required to make monthly payments of 20 percent of the preceding month's income credited to his account until the full amount of the filing fee is satisfied.

Pursuant to 28 U.S.C. § 1915, and Plaintiff's approved application to proceed IFP, the agency having custody of the above-named Plaintiff is directed to calculate an initial partial filing fee equal to 20 percent of the greater of either: (a) the average monthly deposits to the prisoner's account; or (b) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the date of this Order. The initial partial filing fee should be forwarded to the Clerk of Court as soon as practicable.

Subsequently, if the prisoner's account exceeds $10.00, each month the agency having custody of the prisoner is directed to collect and forward payments equal to 20 percent of the prisoner's preceding month's income credited to the prisoner's account. In the event that the

ORDER CONDITIONALLY GRANTING APPLICATION
TO PROCEED *IN FORMA PAUPERIS* - 2

monthly payment would reduce the prisoner's account below $10.00, the agency should collect and forward only that amount which would reduce the prisoner's account to the $10.00 level. Please note that this $10.00 limit does not apply to the initial partial filing fee described above. Finally, the monthly payments should be collected and forwarded to the Court until the entire filing fee ($350.00) for this matter has been paid.

(2)     Plaintiff should continue to pursue efforts to obtain his trust account statement and he should submit the statement to the Court as soon as he is able to do so.  Failure to submit the statement during the course of this litigation may result in revocation of Plaintiff's IFP status.

(3)     The Clerk is directed to send copies of this Order to Plaintiff, to the financial officer of this Court, to the agency having custody of Plaintiff, and to the Honorable John H. Chun.

DATED this 15th day of June, 2026.

S. KATE VAUGHAN
United States Magistrate Judge

ORDER CONDITIONALLY GRANTING APPLICATION
TO PROCEED *IN FORMA PAUPERIS* - 3